# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANSWA SHAMMAM,<br>　　　　　　　　Petitioner,<br>　vs.<br>DANIEL PARAMO, Warden,<br>　　　　　　　　Respondent. | CASE NO. 14-cv-1905-WQH (NLS)<br>ORDER |

HAYES, Judge:

　　　The matter before the Court is the review of the Report and Recommendation (ECF No. 8) issued by United States Magistrate Judge Nita L. Stormes.

**I. Background**

　　　On August 13, 2014, Petitioner Franswa Shammam commenced this action by filing the Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 1). On August 18, 2014, Petitioner filed an Addendum to the Petition. (ECF No. 4). On October 7, 2014, Respondent Daniel Paramo filed an answer. (ECF No. 5). On November 10, 2014, Petitioner filed a traverse. (ECF No. 7). On May 11, 2015, United States Magistrate Judge Nita L. Stormes issued the Report and Recommendation, recommending that the Petition be denied. (ECF No. 8). On May 29, 2015, Petitioner filed objections to the Report and Recommendation. (ECF No. 9).

**II. Legal Standard**

　　　The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28

U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

**III.  Discussion**

  **A. Petitioner's First Objection**

Petitioner contends that the state trial court erred when it considered the seriousness of Petitioner's offense in concluding that Petitioner's due process rights were not violated by a delayed prosecution. Petitioner contends that neither Supreme Court nor Ninth Circuit precedent permit a court to consider the seriousness of an offense when considering a due process challenge due to delayed prosecution. Petitioner contends that the trial court's error was not harmless because the trial court found in his favor with respect to the two factors that the trial court was permitted to consider: (1) the justification for the delay; and (2) prejudice to the defendant.

The Magistrate Judge noted that "this Court has not located any Supreme Court case which explicitly states the seriousness of the crime cannot be considered as part of [the] balancing test, and [Petitioner] has not provided any." (ECF No. 8 at 13). The Magistrate Judge further noted that a district court's habeas review analysis is based on the state appellate court's opinion, not the state trial court's ruling. The state appellate court in this case, the California Court of Appeal, applied the correct legal standard: "we do not conclude the court abused its discretion or otherwise erred by finding the justification for the delay outweighed the prejudice from the delay." (Lodgment No. 8, ECF No. 6-43 at 34-35). The California Court of Appeal affirmed the ruling of the

trial court after construing the trial court's discussion of the seriousness of the crime as "mere surplusage to its basic finding that Shammam's rights to due process were not denied because the justification for the delay outweighed the prejudice." *Id.* at 35-36. The Magistrate Judge correctly concluded that "the state court's decision cannot be said to be 'contrary to' clearly established Supreme Court law." (ECF No. 8 at 13) (citing *Cary v. Musaldin*, 549 U.S. 70, 77 (2006)). Petitioner's first objection is overruled.

### B. Petitioner's Second Objection

The California Court of Appeal affirmed the trial court's finding that Petitioner suffered some prejudice from the delay, but only in the form of faded memories. Petitioner contends that the Magistrate Judge erred in finding that this conclusion was not an unreasonable application of clearly established Supreme Court law.

The Court has reviewed Petitioner's Petition, memorandum of points and authorities, addendum to the Petition, reply, and objections. Petitioner asserts that certain lost evidence may have been useful to weaken the prosecution's case, or to provide a defense. However, Petitioner has failed to show by "definite and non-speculative evidence how the loss of a witness or evidence is prejudicial" to his case. *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). The Magistrate Judge correctly concluded that Petitioner failed to show "actual, nonspeculative prejudice." (ECF No. 8 at 28). Petitioner's second objection is overruled.

### C. Petitioner's Third Objection

The California Court of Appeal affirmed the trial court's finding that the pre-accusation delay was justified by "the continuing, nonnegligent investigation." (Lodgment No. 8, ECF No. 6-43 at 33-34). Petitioner contends that the Magistrate Judge erred in finding that this conclusion was not an unreasonable application of clearly established Supreme Court law.

"It requires no extended argument to establish that prosecutors do not deviate from 'fundamental conceptions of justice' when they defer seeking indictments until they have probable cause to believe an accused is guilty; indeed it is unprofessional

conduct for a prosecutor to recommend an indictment on less than probable cause." *United States v. Lovasco*, 431 U.S. 783, 790-91 (1977). "It might be argued that once the Government has assembled sufficient evidence to prove guilt beyond a reasonable doubt, it should be constitutionally required to file charges promptly, even if its investigation of the entire criminal transaction is not complete. Adopting such a rule, however, would have many of the same consequences as adopting a rule requiring immediate prosecution upon probable cause." *Id.* at 792. "[T]o prosecute a defendant following *investigative* delay does not deprive [a defendant] of due process, even if his defense might have been somewhat prejudiced by the lapse of time." *Id.* at 796 (emphasis added).

The state trial court concluded that investigation in this case was ongoing, and the California Court of Appeal concluded that there was substantial evidence in the record to support this factual finding. Based on this factual finding, "it was not objectively unreasonable for the state court to find the delay in prosecution was not the result of negligence or a desire to gain a tactical advantage." (ECF No. 8 at 37). Petitioner's third objection is overruled.

### D.  Petitioner's Fourth Objection

Petitioner contends that the California Court of Appeal made an unreasonable determination of the facts by making several "factual misstatements" in its opinion. (ECF No. 9 at 14). The Magistrate Judge addressed each alleged factual misstatement by the California Court of Appeal. The Court agrees with the Magistrate Judge that none of the alleged factual misstatements of the California Court of Appeal resulted in a denial based on an unreasonable determination of the facts. Petitioner's fourth objection is overruled.

### E.  Conclusion

After conducting a *de novo* review of the Report and Recommendation and considering the entire file, including Petitioner's objections, the Court finds that the Report and Recommendation correctly determined that the Petition should be denied.

The Court adopts the Report and Recommendation in its entirety.

The Court adopts the Report and Recommendation in its entirety.

## IV. Certificate of Appealability

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner has raised colorable, nonfrivolous arguments. The Court grants a certificate of appealability.

## V. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 8) is ADOPTED in its entirety. The Petition for Writ of Habeas Corpus is DENIED. A certificate of appealability is GRANTED. The Clerk of the Court shall enter judgment for Respondent and against Petitioner and close the case.

DATED: September 3, 2015

**WILLIAM Q. HAYES**
United States District Judge